[No. 22883. Department Two. May 26, 1931.]

PENINSULA DEVELOPMENT COMPANY, *Respondent,* v.
CLARK V. SAVIDGE, *as Commissioner of Public
Lands, Appellant.*[1]

[1]Reported in 299 Pac. 654.

*The Attorney General* and *Lester T. Parker, Assist-ant,* for appellant.

*L. B. Donley,* for respondent.

FULLERTON, J.—The respondent, Peninsula Develop-ment Company, a domestic corporation, instituted this action against the appellant, Clark V. Savidge, in his capacity as commissioner of public lands, to enjoin him from cancelling a certain lease of state lands there-tofore made by him pursuant to the provisions of chapter 255 of the Laws of 1927, p. 468 *et seq.;* Rem. 1927 Sup., § 7797-1 *et seq.* The appellant, through the *Attorney General,* interposed a general demurrer to the complaint of the respondent, which demurrer the trial court overruled. The appellant thereupon elected to stand on his demurrer and refused to plead further, whereupon the court entered a decree granting to the respondent the relief for which it prayed in its com-plaint.

To an understanding of the question involved in the controversy, it is necessary to call attention to certain of the provisions of the cited act. By § 175 thereof, the commissioner of public lands is empowered to lease to certain designated persons, "for the extrac-tion of petroleum or natural gas," certain of the public lands of the state. Section 176 provides that no lease, or release, of lands for the stated purpose shall be made for a larger area than "six hundred and forty acres, or one section of land," nor for a period exceed-ing twenty years. Section 73 provides that all leases of state lands

". . . shall be assignable in writing by the con-tract holder . . . and the assignee . . . shall have the same rights in all respects as the original

. . . . lessee, of the lands, provided the assignment is approved by the commissioner of public lands and entered of record in his office." Rem. 1927 Sup., § 7797-73.

By §§ 182 and 183 of the act, a preference right is given to a lessee to renew a lease at the time of its expiration for an additional twenty years.

The complaint discloses that, on May 31, 1929, the commissioner of public lands, acting pursuant to the provisions of the statute above cited, leased to one A. C. Frost a section of land situated in Jefferson county, described as section 36, township 27 north, range 13 west, Willamette Meridian, for a period of twenty years, and that Frost, at a later date not stated, assigned and transferred the lease and all of his interests therein to the respondent. It further discloses that, on June 10, 1929, the commissioner, acting pursuant to the same statutes, leased to one R. E. Moore a section of land (sec. 35) situated in the same township and range as the land before described. Concerning this latter section, it is alleged:

"That this plaintiff has negotiated with the said R. E. Moore for the purchase of all of the right, title and interest of the said R. E. Moore in and to the South ½ of said Section 35 and that this plaintiff desires to purchase the interest of the said R. E. Moore in and to the South ½ of the said section but that the defendant herein has threatened and still does threaten to cancel any lease or leases for oil and gas purposes of state lands to be taken by this plaintiff in and to any area in excess of Six Hundred Forty (640) acres or one section, and that if the plaintiff were to purchase the interest of the said R. E. Moore in and to said ½ section covered by the oil lease as above set forth the said defendant herein, alleging it to be unlawful for any person, firm or corporation to hold by assignment or otherwise any area in excess of 640 acres or one section under oil and gas lease, threatens to cancel said lease if so purchased by plaintiff."

The commissioner of public lands contends, and the respondent agrees with the contention, that, under the provisions of the statute, he is not permitted to lease to any one person or concern, although such person or concern may be competent to take and hold leases for the purposes mentioned in the statute, any greater quantity of land than six hundred and forty acres, or one complete section; that is to say, it is agreed that no one person or concern may hold under a lease made directly to the person or concern any greater quantity of land than the quantity limited by the statute.

It is the contention of the respondent, however, that, while no one lessee may hold by lease directly from the commissioner more than the limited quantity of land for the purposes described in the statute, he may do so indirectly by taking assignments of valid leases. In other words, the contention is that the prohibition of the statute is not directed against the quantity of land a single lessee may hold or control, but is directed against the manner of its acquisition.

But we cannot conclude that the contention is tenable. We can conceive of no reason, and none has been suggested to us, which would forbid the commissioner from leasing to one individual more than a limited quantity of land, if it was intended at the same time to permit the individual to acquire an unlimited quantity. Surely, no principle of public policy could be subserved by such a distinction. It is our opinion, therefore, that the legislature had a definite and fixed purpose in making the limitation it did make; that it was the purpose to prevent the state's domain containing petroleum or natural gas from falling into large single holdings. It may be that the public policy so announced is subject to debate as to its wisdom or advisability, but, if so, the debate must be conducted before

the forum having power to determine the policy. This forum is the legislature, not the courts.

It is true that the legislature has expressly provided that leases of this sort are assignable. But this means that they are assignable as between parties who are competent to enter into the contract of assignment. In this instance, the assignee is not so competent. It cannot take a beneficial interest in the leased property by an assignment to it of the lease, and hence any assignment so made would for that reason be void.

Our conclusion requires a reversal of the judgment of the court below. It is the order of the court, therefore, that the judgment appealed from be reversed, and the cause remanded with instructions to sustain the demurrer to the complaint.

TOLMAN, C. J., BEALS, MILLARD, and BEELER, JJ., concur.